IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GINA SUZANNE COLLINS,            )
                                 )
        Plaintiff,               )
                                 )
v.                               )     Case No. CIV-17-255-RAW-KEW
                                 )
COMMISSIONER OF SOCIAL           )
SECURITY ADMINISTRATION,         )
                                 )
        Defendant.               )

**REPORT AND RECOMMENDATION**

Plaintiff Gina Suzanne Collins (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 34 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a loan clerk/assistant manager, convenience store clerk/assistant manager, gas station manager, factory worker, and cook/clerk at a convenience store. Claimant alleges an inability to work beginning October 2, 2012, as amended at the administrative hearing, due to limitations resulting from pain in the upper and lower back,

buttocks, legs, and neck.

## Procedural History

On July 8, 2014, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On July 22, 2014, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. §1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 19, 2016, Administrative Law Judge ("ALJ") Richard Kallsnick conducted an administrative hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On May 16, 2016, the ALJ issued an unfavorable decision. On May 2, 2017, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work. At step five, the ALJ also determined Claimant retained the RFC to perform less than a full range of sedentary work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to discuss uncontroverted and significantly probative evidence that conflicted with his findings; and (2) failing to properly evaluate the medical and non-medical opinion evidence.

**ALJ's Discussion of the Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of lumbar degenerative disc disease at L4-5 and L5-S1 and lumbar radiculopathy. (Tr. 26). The ALJ concluded that Claimant retained the RFC to perform less than a full range of sedentary work. In so doing, the ALJ concluded Claimant could lift/carry 20 pounds occasionally and ten pounds frequently, stand/walk for four hours in an eight hour workday, and sit for six hours. Claimant could use her hands and feet for the operation of controls and could climb stairs/ramps and ladders/scaffolds occasionally. She could occasionally stoop, kneel, crouch, and crawl. Her balance was unlimited. She felt mild to moderate to occasionally chronic pain. The ALJ found "[i]t is noticeable to her, yet she can be responsive in a work setting and carry out work assignments." Claimant took medications, but could remain alert for required functions. (Tr. 27).

After consulting with a vocational expert, the ALJ concluded

Claimant could perform her past relevant work as a loan clerk. (Tr. 29). Alternatively, the ALJ found Claimant could perform the representative jobs of document scanner, electronic worker, and semiconductor bonder, all of which were found to exist in sufficient numbers both regionally and nationally. (Tr. 30). As a result, the ALJ found Claimant was not under a disability from October 1, 2012 through the date of the decision. Id.

Claimant contends the ALJ failed to discuss in his decision evidence which contradicted his findings. The ALJ's recitation of the medical evidence in this case is somewhat brief, given the extensive nature of the record. (Tr. 28-29). In particular, while the ALJ noted that Claimant underwent a microdiskectomy in November of 2014 with good results, the ALJ failed to recognize that subsequently Claimant suffered from continued lumbar tenderness with forward flexion, positive Patrick's testing, decreased cervical mobility, disc narrowing in the cervical spine, posterior disc protrusion without stenosis at T8 and posterior disc herniation at T9-10, cervical tenderness with decreased range of motion and right numbness and tingling (Tr. 882), gait waddle (Tr. 906, 910, 918, 922, 926, 930, 934, 940, 943), and pain in her thoracic spine. (Tr. 667-68, 866-67, 870-71,874-75, 878-79, 882-83, 886-87, 890-91, 894-95, 898-99, 905-06, 909-10, 913-14, 917-18, 921-22, 925-26, 929, 933-34, 938, 940, 942-43).

The ALJ also did not reference the medical record from after the November 2014 operation wherein Claimant was found to disc space narrowing and right paracentral disc protrusion that contacts the anterior aspect of the core at C6-7, a posterior disc protrusion without spinal stenosis at T8-9, a posterior disc herniation, more prominent to the right of midline, contacting and indenting the right side of the cord at T9-10; probable degenerative uptake at both ankles and at both knees as well as uptake at both elbows; notations of a moderate sized right paracentral disc herniation which impresses mildly upon the spinal cord, but does not produce any high grade canal stenosis at T6-7, mild broad base disc protrusion, slightly eccentric to the right at T8-9, a moderately large right paracentral and posterolateral disc herniation at T9-10 which produced at least mild canal stenosis at this level; and lumbar spine tenderness. (Tr. 594, 625, 675, 754, 813).

In September of 2015, Claimant was found to have a left lateral disc bulge versus small focal disc protrusion leading to the thickening of the L5 nerve root on the left at the L4-5 level with a small to moderate central disc herniation at the L5-S1 level which is subligamentous in location. (Tr. 644). She was also noted to have all over body pain with tender fibromyalgia touch points. (Tr. 690). Claimant's back pain was found to be overall getting worse. (Tr. 701).

The ALJ appears to have considered the observations of the Cooperative Disability Investigations Unit investigators to be important to his decision, reciting the findings from their interview of Claimant and her noted movements. The ALJ fails to indicate how this report is afforded any more consideration than the anecdotal observations of any lay person who might encounter Claimant on the street. (Tr. 28).

The ALJ also cited to Claimant's testimony which supported a finding of disability, including the activities in which she was able engage without citing to the restrictions in these activities to which she also testified. (Tr. 29, 46-47, 51-52, 55, 56, 57-59, 63).

An ALJ is required to consider all relevant evidence in the record. Soc. Sec. R. 06-03p. He is not, however, required to discuss every piece of evidence in the record. But it is clear that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). In this case, the ALJ omitted an inordinately significant portion of the medical record which may bear upon Claimant's ability to engage in basic work activities.

On remand, he shall consider the totality of the medical findings and evaluate whether either independently or in combination with other impairments, renders Claimant disabled.

### Consideration of Opinion Evidence

Claimant also contends the ALJ did not properly consider the opinion of her treating physician, Dr. Ahmer Hussain and his nurse, Lena Burns. A medical source statement from dated May 10, 2015 authored by Nurse Burns indicated Claimant was limited to occasional and frequent lifting/carrying of ten pounds, and standing/walking less than two hours in an eight hour workday. (Tr. 807). She was also estimated to be able to sit for less than about six hours in an eight hour workday and be limited in pushing and pulling with her extremities. These restrictions were attributable to cervicalgia with numbness to the hands, lumbago and neuropathy and reduced lower body strength as well as positive straight leg raising and Patrick's sign. (Tr. 808).

Claimant was only able to occasionally climb, balance, kneel, crouch, crawl, and stoop due to limited reduced body strength. <u>Id</u>. Claimant was also found to be limited in reaching in all directions due to numbness in the right hand. Claimant was also limited from temperature extremes, noise, vibration, humidity, hazards, and fumes and odors. (Tr. 809-10).

A pain limitation questionnaire was also completed which indicated Claimant's pain would limit her ability to engage in work and would negatively impact her productivity by greater than 20-25%. Dr. Hussain concurred with the assessment. (Tr. 811).

Curiously, the ALJ determined that his RFC "is only slightly more demanding than the RFC set forth by her treating physician Dr. Hussain." (Tr. 29). He noted that "[b]ased on the evidence, there is no reason to expect the claimant could not stand/walk for four hours. . . ." He also acknowledged the findings of the CDI investigators on Claimant's ability to move. He gave Dr. Hussain's opinion "little weight." Id.

The "slightly more demanding" RFC found by the ALJ was sufficient to elevate the exertional level from less than sedentary under Dr. Hussain's findings to at least sedentary under the ALJ's RFC. This is not slight but significant under the regulations. He also must specifically indicate the evidence which supports a statement that there was "no reason to believe" Claimant could not stand/walk for more than that opined by Nurse Burns and Dr. Hussain, her treating medical professionals. Considering that the ALJ omitted a considerable portion of the medical record which supported a disability finding, he shall re-evaluate Dr. Hussain's and Nurse Burns' opinions after he has considered the medical testing and diagnostic records which he omitted from his analysis in the

decision before this Court. On remand, the ALJ shall make appropriate supported findings on both the evidence in the record and the opinion evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE